IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL E. GOYNES,

        Petitioner,

vs.

ROB JEFFREYS,

        Respondent.

**8:25CV160**

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and a Motion to Appoint Counsel, Filing No. 6, and a motion for leave to amend and an extension of time in which to do so (the "Motion to Amend"), Filing No. 4, filed by Petitioner Michael E. Goynes ("Petitioner"). The Court has received a certified copy of Petitioner's trust account statement. Filing No. 9.

For the reasons that follow, the IFP Motion shall be granted, the Motion to Amend shall be granted in part and denied in part, and the motion seeking appointment of counsel shall be denied without prejudice to reassertion.

## I. THE IFP MOTION

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Petitioner's financial status as shown in the records of this Court, Filing No. 9, leave to proceed in forma pauperis, Filing No. 2, will be granted and Petitioner is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1).

## II. THE MOTION TO AMEND

It appears in the Motion to Amend that Petitioner seeks leave to amend his Petition and potentially seeks to stay this matter until his state court claims are exhausted. Filing No. 4.

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions in habeas proceedings. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11"). Amendments are allowed one time as a matter of course if the amendment is filed within 21 days of service of a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Moreover, an amended petition relates back to the date of the original petition when the claims in the original and amended petition arose out of the same "conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle*, 545 U.S. at 656, "such that they arise from the same core of operative facts." *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (quoting *Mayle*, 545 U.S. at 650).

> Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly [sic], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis,* 371 U.S. 178, 182, (1962); *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir. 1987)).

In support of his Motion to Amend, Petitioner explains that because he is unaware of how much time remained to file a timely petition under 28 U.S.C. § 2254, he rushed filing his Petition to be sure it was filed on time and, in so doing, omitted some claims and did not file a brief in support. Filing No. 4. To the extent Petitioner seeks leave to amend, leave shall be granted.

However, it also appears that Petitioner alleges that his Petition is a "mixed petition" — meaning that "some claims have been fully exhausted in state court and others have not." *White v. Dingle*, 616 F.3d 844, 846 (8th Cir. 2010). And that he seeks to stay the case indefinitely so that he may fully exhaust his remaining unexhausted state court claims. Filing No. 4.

Petitioner is correct that time limits apply to his filing of a federal habeas petition. Under 28 U.S.C. § 2244(d)(1) a petitioner must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

And, pursuant to Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

When a mixed petition is filed, a petitioner may seek to stay federal review of their petition under *Rhines v. Weber*, 544 U.S. 269, 274, (2005), which allows a federal habeas court to stay the petition to allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review. Under *Rhines*, a stay may only be granted if (1) the petitioner had good cause for failing to exhaust the previously unexhausted claims in state court, (2) the unexhausted claims are potentially meritorious, and (3) and the petitioner did not intentionally engage in dilatory tactics. 544 U.S. at 278. However, where a petition contains exhausted and unexhausted claims, courts do not have to stay the federal habeas proceedings if any attempt to exhaust the otherwise unexhausted claims in the state courts is "futile." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

While Petitioner's Motion to Amend did not address the *Rhines* factors, even if it had, it does not appear Petitioner's Petition is truly mixed based on his description of his pending Writ application to the United States Supreme Court.

As explained by the United States Supreme Court in *Lawrence v. Florida*:

> State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. <u>The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari.</u>

4

549 U.S. 327, 332, (2007) (emphasis added). Here, it appears that Petitioner seeks to stay this matter while he files a Writ of Certiorari with the United States Supreme Court, presumably to address his state postconviction motion. Filing No. 4. From the allegations in the Motion to Amend it does not appear to this Court that a stay would be appropriate as seeking certiorari with a federal court is not part of the state court review process and therefore is neither necessary for claim exhaustion nor appropriate for a stay in this federal habeas proceeding.

Finally, even if a petition for certiorari did toll the one-year limitations period, it appears Petitioner's ability to obtain further review has passed. The Nebraska Supreme Court issued its mandate on February 24, 2025.[1] If a criminal defendant intends to seek a writ of certiorari from the U.S. Supreme Court, he or she should request a stay of the Nebraska court's mandate within seven days from the date of the filing of the opinion or other dispositive entry. *State v. Huggins*, 291 Neb. 443, 449 (2015) (citing Neb. Ct. R. App. P. § 2–114(2)). It does not appear from the state court record available to this Court that Petitioner has requested a stay of the February 24, 2025, mandate, and his ability to do so may have passed.

For these reasons any motion to stay the matter shall be denied without prejudice to reassertion.

### III. THE MOTION TO APPOINT COUNSEL

Petitioner seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel and it is "against institutional rules" for the aide who has been currently assisting Petitioner to

---

[1] The Court takes judicial notice of the state court records in *State v. Michael E. Goynes, Jr.*, No. CR16-2232, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

5

continue doing so. Filing No. 6 at 1. Petitioner further explains that he needs counsel to perfect his Petition so that he does not "face a bar" as the issues in his case are meritorious and complex, and Petitioner asserts that he is innocent of the First Degree Murder and weapons changes of which he was convicted and that without counsel he will be "unable to articulate, draft, and prepare [his] pleadings in [his] pursuit for freedom and justice." *Id.*

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court finds there is no need for the appointment of counsel at this early state of the proceedings. The motion for counsel, Filing No. 6, shall therefore be denied without prejudice. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted.

2. Petitioner's Motion for Counsel, Filing No. 6, is denied without prejudice to reassertion.

3. Petitioner's Motion to Amend, Filing No. 4, shall be granted to the extent Petitioner seeks leave to amend his Petition. Petitioner has through and until **May 27, 2025**, to file his Amended Petition.

4. The remainder of Petitioner's Motion to Amend is denied without prejudice to reassertion. To the extent Petitioner believes his Petition is mixed and seeks to file a new motion staying the case, he should address the factors under *Rhines* as set forth in this Memorandum and Order.

5. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **May 27, 2025**: check for amended petition.

6. To the extent Petitioner requires additional time to file an amended petition he must seek an extension by filing a written motion with this Court on or before the May 27, 2025, deadline for compliance.

Dated this 25th day of April, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge